# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| OMAR SHARIFF MATTOX, | : | |
| Petitioner, | : | |
| v. | : | No. 3:10-CR-1 (CAR) |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | |

## ORDER ON RECOMMENDATION

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 79] to deny Petitioner Omar Shariff Mattox's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 62]. Therein, the Magistrate Judge concludes that Petitioner has failed to establish that his trial counsel, James Smith, rendered ineffective assistance during or after his sentencing hearing. Petitioner filed a timely Objection to the Recommendation [Doc. 80], and this matter is now ripe for the Court's review. Having considered the record, the Recommendation, and Petitioner's Objection, the Court agrees with the Magistrate Judge's findings and conclusions. Thus, the Recommendation is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**, and Petitioner's Section 2255 Motion is **DENIED**.

In his Objection, Petitioner revisits his assertion that Smith breached his constitutionally-imposed duty to consult with Petitioner about his right to appeal.

While Petitioner concedes that he did not ask to appeal or even show interest in an appeal, he claims that a rational defendant in his situation would have wanted to appeal his sentence. This objection is without merit.

As an initial matter, the Court agrees with the Magistrate Judge's credibility assessment and determination that Smith actually consulted with Petitioner about filing an appeal after the sentencing hearing. However, even if the Court assumes, *arguendo*, that Smith did not address Petitioner's right to appeal, Petitioner's argument would fail. As the Magistrate Judge explained at length, no rational defendant in Petitioner's position would have sought an appeal. Petitioner pleaded guilty, received the sentence he bargained for, and executed a plea agreement waiver that expressly limited his ability to appeal or collaterally attack his sentence. In addition, there appears to be no nonfrivolous grounds for an appeal. Thus, Petitioner has not demonstrated that Smith provided ineffective assistance of counsel by failing to file an appeal.

To the extent Petitioner takes issue with Smith's explanation of the guideline range, this claim is time-barred. Although Petitioner presents his allegations in the context of his right to appeal, this is, in fact, an obvious attempt to assert an additional ground for ineffective assistance of counsel based on Smith's performance before or during the plea hearing. As the Magistrate Judge explained in the Recommendation, Petitioner failed to add this newly-proposed claim in a timely manner, and these

2

allegations do not relate back to his Section 2255 Motion. Therefore, the Court will not consider the merits of this claim.

Based on the foregoing, the Recommendation of the United States Magistrate Judge [Doc. 79] is hereby **ADOPTED** and **MADE THE ORDER OF THIS COURT**. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 62] is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED,** this 7th day of November, 2013.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP